### ELON POND v. SARAH A. DRAKE ET AL.

*Lien on land from redemption from tax-sale.*

Comp. L. § 1102 providing that any person having a lien on lands returned for non-payment of taxes, may pay them, and his certificate of payment shall be a lien on the land, is apparently meant to reach cases where the lien-holder would have a right to pay taxes immediately on their return. Whether it applies where the lien was a mortgage given after the return of the taxes—Q. And it does not provide that liens shall arise from redemption certificates.

One who has a lien on land has a right to suppose, until a tax is returned, that it will be paid by the holder of the title, and has no right to intervene to pay it himself until it is manifest that the land-owner will not.

One who has taken a mortgage on land upon which taxes have already been returned, and has redeemed it soon after the tax-sale without giving the mortgager a full opportunity to do so instead, has no equity to claim that his redemption certificate is a lien on the land as against one who purchased it afterward, especially if the tax was irregular and the mortgage made no mention of it and the records showed that the land had been redeemed, and the lien-holder had prejudiced the purchaser by allowing the latter to pay the mortgage in full before notifying him of his claim.

Appeal from Shiawassee. (Newton, J.) April 5.—April 11.

FORECLOSURE bill. Defendant Drake appeals. Reversed.

*James M. Goodell* for complainant. Payment of taxes by a mortgagee is for the benefit of the land, and should be regarded as conferring a lien in favor of the mortgagee and as adding to the mortgage debt: *Kortright v. Cady* 23 Barb. 497; Cooley on Taxation 345; whatever is due under a mortgage at the time of foreclosure, including taxes paid by the mortgagee to protect his lien, constitutes a single indivisible demand, and cannot be separated and collected by several actions: *Johnson v. Payne* 11 Neb. 269: 7 South. L. Rev. 488; *Southard v. Dorrington* 10 Neb. 119; *Walton v. Hollywood* 47 Mich. 385.

*McBride & Miner* for defendant.

CAMPBELL, J. In the court below Pond recovered a decree for a mortgage foreclosure for $14.92, which was entirely made up of an amount paid for redemption of the mortgaged lands from a tax sale, with interest and charges. The mortgage was made July 14, 1879, by Joseph Rhodes and wife to Charles E. Shaw, and on the same day assigned by Shaw to complainant. The defendant Mrs. Drake purchased the land April 1, 1880, before the mortgage was due. The tax for which the sale was made was the tax of 1878, for State, county, city, school and road purposes, returned unpaid February 8, 1879. The sale was made in October, 1879, and redeemed December 23, 1879. Rhodes and wife were in possession until defendant purchased from them. The mortgage contained no provision concerning taxes.

Mrs. Drake paid the mortgage money in full before she received any information about complainant's claim for taxes, the payment being made in two installments. Complainant never applied to the mortgagors to pay the taxes, and never spoke to them on the subject. The taxes are not regular.

Complainant insists that whether regular or not, he was entitled to pay them and hold the payment as a lien.

By section 1102 of the Compiled Laws in force when this mortgage was made, it was provided that any person having a lien upon lands returned for non-payment of taxes may pay them, and the certificate of payment given by the State or county treasurer shall constitute a lien. It is certainly open to question whether this statute applies to cases where the mortgage was given after the taxes had been already returned. In the present case the lands were returned several months before the date of the mortgage, and the sale took place less than three months thereafter. Where a person takes a security on which taxes are already returned unpaid, he has the means in the outset of knowing just where he stands, and how far the land is incumbered; and, whatever may be the equities outside of the statute, there seems to be no occasion for any statutory protection. The statute appears to be designed to reach cases where at once, on the return of the taxes, the lien-holder may have a right to pay them. Until returned he has a right to suppose they will be paid by the holder of the title, and no right is given to him to intervene. But as soon as it is manifest that the land-owner will do nothing, his right arises at once. And it is significant that no provision is made concerning liens created by redemption certificates. It seems to us that if a mortgagee accepts a mortgage on lands already subject to returned taxes, his rights must arise from such equities as are independent of the statute.

Where the mortgage is silent on the subject, the utmost that can be fairly claimed is that complainant may in some cases obtain equities out of action necessary for his own protection. When and to what extent such equities may arise need not now be considered, because all mere equities may be waived or lost by the conduct of parties, and in our opinion no such equities remain here, if they ever arose.

Complainant never applied to the mortgagors to pay the taxes or protect him against them, either before or after the mortgage was given. He waited till sale, but redeemed

very shortly thereafter, when they had an existing right of redemption of more than nine months. There was no apparent necessity for acting before he had opportunity to apply to them to protect him.

When defendant purchased, the tax sale appeared to have been canceled by redemption, and there was no apparent charge against the land. Assuming that under these circumstances the lien could be enforced against her at all, she was entitled to know what complainant's claim was before she paid the mortgage. In the present case the tax was not large, but it might easily happen that extraordinary taxes or assessments might exist which a holder of the equity of redemption might regard as exceeding, when added to the mortgage, the value of his interest. By suppressing the fact that he held this claim, complainant acted prejudicially towards defendant, and having induced or allowed her to remain in ignorance of the existence of his claim until the only amount named in the mortgage was paid, we think it is not equitable now to enforce it against the land.

The decree must be reversed and the bill dismissed, with costs of both courts.

The other Justices concurred.